IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ERIC GUILLORY and ROXANNE GUILLORY, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:25-cv-00040-H-BU |
| FLAGSTAR BANK, NA, | § § § | |
| Defendant. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiffs, Eric Guillory and Roxanne Guillory, filed a Petition in state court on December 2, 2024. Dkt. No. 1 at 1. Defendant, Flagstar Bank, NA (Flagstar), filed a Notice of Removal on March 3, 2025. *See* Dkt. No. 1. Flagstar then filed a Motion to Dismiss on March 10, 2025, under Rule 12(b)(6). Dkt. No. 5 at 1. Plaintiffs failed to respond to the Motion and the time for doing so has long passed. For the reasons explained below, the Court has diversity subject matter jurisdiction over this action and the undersigned RECOMMENDS the case be DISMISSED for failure to state a claim.

## I. JURISDICTION

The undersigned has the authority to enter these Findings, Conclusions, and Recommendations after United States District Court Judge James Wesley Hendrix referred this case to the undersigned for pretrial management. *See* Special Order 3-251.

The Court has subject mater jurisdiction under diversity of citizenship. 28 U.S.C. §

1332.¹ Flagstar's Notice of Removal properly alleges that Plaintiffs are citizens of Texas, and that Flagstar is a citizen of Michigan. Dkt. No. 1 at 2–3; *See* 28 U.S.C. § 1348; *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located.").

The Notice of Removal also properly alleges that the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. Dkt. No. 1 at 3; *See* 28 U.S.C. § 1332. The party invoking diversity jurisdiction must show by a preponderance of the evidence that the amount-in-controversy requirement is met. *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 155 (5th Circ. 2018). In part, Plaintiffs seek to "[v]oid the Defendant's Foreclosure Auction Proceedings . . . and all foreclosure proceedings . . . made in the past or present by Defendant," in relation to the property located at 1028 E 16th, Colorado City, Texas 79512. Dkt. Nos. 1 at 1; 1-1 at 10, 18.

Neither Plaintiffs nor Flagstar state what the outstanding Mortgage balance was at the time of the foreclosure. *See* Dkt. No. 1. Plaintiffs also do not provide specific dollar amounts for alleged damages or desired relief. *See* Dkt. No. 1-1. Instead, Plaintiffs state that they "have suffered loss, damages, and dishonor regarding the matter of the Mortgage Account" which they seek to "settle" by using their "exemption accounts." Dkt. No. 1-1 at 10.

---

¹ Flagstar alleges both federal question and diversity jurisdiction. Dkt. No. 1. However, Plaintiffs' claims under the Freedom of Information Act (5 U.S.C. § 552) and the Privacy Act (5 U.S.C. § 552a) are legally frivolous; those acts can only apply to federal agencies, and Flagstar is not a federal agency. Dkt. No. 5 at 2. Therefore, there is no federal question jurisdiction over the case. *See Dilworth v. Dallas Cnty. Comm'ty College Dist.*, 81 F.3d 616, 617 (5th Cir. 1996).

2

Flagstar provides the Mitchell County Appraisal District Summary valuing the Property at $246,698. Dkt. Nos. 1 at 3 fn. 10; 1-2 at 2. Despite not knowing the outstanding amount on the Mortgage, this is sufficient to show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See Farkas v. GMC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *compare Klein v. Wells Fargo Bank, N.A.*, No. A-14-CA-861-SS, 2014 WL 5685113, at *4 (W.D. Tex. Nov. 4, 2014) (The plaintiff sought "the greater of $10,000 or the actual and exemplary damages, court costs and reasonable attorney fees" as well as a declaratory judgment from the court "that the foreclosure sale was wrongful and enter an order to void the sale." The court held that the recent tax appraisal of the property, indicating its current assessed value at $214,831, was sufficient to meet the amount in controversy without any reference to the amount owed on the underlying mortgage.); *with Bey v. DiNello*, 4:22-CV-00406-ALM-CAN, 2023 WL 2520584, at *7 (E.D. Tex. Feb. 21, 2023) (The court could not confirm the amount-in-controversy requirement was met "given the absence of factual allegations related to the mortgage *or* the subject property in the complaint.") (emphasis added).

Thus, the Court finds that diversity jurisdiction exists and that *sua sponte* remand is not appropriate.[2]

---

[2] The Court notes that removal may have been untimely. 28 U.S.C. § 1447(c). It seems Flagstar's statutory agent was served by a process server on January 30, 2025. Dkt. No. 1-1 at 4, 7, 43. The case was then removed more than thirty days after service, on March 3, 2025. *See* Dkt. No. 1. Flagstar states it was never properly served and refers the Court to Exhibit A "showing Flagstar was not served as required by TEX. CIV. PRAC. & REM. CODE ANN. § 17.028." Dkt. No. 1 at 2 fn. 3. The Court makes no findings as to

3

## II. FACTUAL BACKGROUND

Flagstar removed this case to federal court and filed a 12(b)(6) Motion to Dismiss arguing that Plaintiffs' claims have "no basis in law or facts." Dkt. No. 5 at 2. The undersigned agrees. Much of the language used in Plaintiffs' Petition appears reflective of the sovereign citizens movement. For example:

> Creditors, ***Guillory; eric***, and ***guillory; roxanne***, whom are also, Authorized Representatives, and beneficiaries for Plaintiff (s) **ERIC GUILLORY** and **ROXANNE GUILLORY** will underwrite with their ***private exemptions*** [redacted] regarding any and all obligations . . . and therefore further petitions this court for the following request in order to settle this account by using the Plaintiff (s)'s ***trust/estate exemption accounts***. . ." (emphasis added).

Dkt. No. 1-1 at 10. The Plaintiffs also attach Security Agreements that read:

> This Security Agreement ("Agreement") is made and entered into on November 25, 2024 by and between the 'real man' guillory eric / guillory; eric wade; herein after known as Agent and the Straw man/Dummy Corporation ERIC WADE GUILLORY; herein after known as CREDITORS SECURED PARTY.

Dkt. No. 1-1 at 30. The security agreements also mention birth documents, Texas driver's license numbers, social security numbers, and other hallmarks of the sovereign citizens movement. *Id.*; *See* footnote 4.

Plaintiffs' contentions are difficult to decipher to the extent they rely on so-called sovereign citizen theories, "teachings [that] have never worked in a court of law—not a single time." *Weigel v. Gray, Civ. A.*, No. H-24-128, 2024 WL 289027, at *4 (S.D. Tex. Jan.

---

timely removal, because in any event, the Plaintiffs have failed to file a motion to remand within thirty days of the removal. *See Herndon v. Monumental Life Ins. Co.*, 2003 WL 21251677, at *1 (N.D. Tex. Mar. 28, 2003) (Lindsay, J.) ("A district court does not have the discretion to remand a case because of a procedural defect when a motion to remand is not made within the thirty days allowed in 28 U.S.C. § 1447(c).").

25, 2024). For example, Plaintiffs seek to use their fictitious "exemption accounts" or "trust accounts" to satisfy their Mortgage with Flagstar.[3] Dkt. No. 1-1 at 8, 10. Plaintiffs' UCC financing statements are also evidence of their attempt to employ a process called "redemption."[4] Dkt. No. 1-1 at 30.

After liberally construing Plaintiffs' Petition, the Court discerns two claims: (1) federal law claims under FOIA and the Privacy Act requesting Flagstar provide "full

---

[3] The following explanation of the sovereign citizen debt avoidance theory is from *Harrison v. Iriarte*, 1:23-CV-141-GHD-DAS, 2024 WL 4360626, at *6 (N.D. Miss. Aug. 6, 2024), report and recommendation adopted, No. 1:24-CV-18-GHD-DAS, 2024 WL 4363236 (N.D. Miss. Sep. 30, 2024).

While sovereign citizens make many and varied arguments, a prominent contention among them is the belief that they are the beneficiaries of trust funds held by the federal government, typically referred to as the "redemption/strawman" argument. The theory is that when the government began issuing legal tender in 1933, its citizens "were 'pledged' as collateral for the national debt," resulting from the supposed loss of value because the country went off the gold standard. Michelle Theret, *Sovereign Citizens: A Homegrown Terrorist Threat and Its Negative Impact on South Carolina*, 63 S.C. L.Rev. 853, 864 (2012). This theory gives rise to sovereign citizens claiming "two identities: a real 'private' individual and a fictional 'public' person." "They believe that by following certain procedures they can access the trust fund for the fictional 'citizen' person allegedly held in that person's name by the United States Treasury." Jessica K. Phillips, *Not All Pro Se Litigants Are Created Equally: Examining the Need for New Pro Se Litigant Classifications Through the Lens of the Sovereign Citizen Movement*, 29 Geo. J. Legal Ethics 1221, 1226–27 (2016).

According to the sovereign citizens, not only are they provided for by these "trust accounts," but they are richly provided for, because these trust accounts are not for limited sums of money. "When citizens contract for debt, the theory goes, their debts are collateralized by their respective exemption accounts, essentially making the U.S. Government ultimately responsible for satisfaction of their debts . . . [E]ach citizen's exemption account is virtually bottomless, meaning that those who understand this theory . . . never have to actually pay for anything." *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 210 (D. Conn. 2010).

[4] To collect the money held by the United States in the "secret, individual trust accounts," sovereign citizens employ the process known as "redemption." *Bryant v. Wash. Mut. Bank*, 524 F.Supp.2d 753, 759 (W.D. VA. 2007). In this process, sovereign citizens file one or more UCC financing statements naming themselves as both the secured party and the debtor, with the intent "to register a security interest in the fictitious entity that was created by [their] birth certificate and other government documents." *Id*.

Proponents of the sovereign citizen and/or redemption theory believe that when a person's name is spelled with initial capital letters and small letters, it represents the "real person," and whenever a person's name is written in total capitals, only a "strawman" [or separate entity] is referenced, and the flesh and blood person is not involved. *Santana v. United States*, 2017 WL 1206262, at *2 (W.D. Mich. Apr. 3, 2017).

disclosure and release of all records" pertaining to bond information and certificates; and (2) state law claims challenging the foreclosure. Dkt. No. 1-1 at 10–12. Specifically, Plaintiffs request that the Court settle the Plaintiffs' Mortgage account with Flagstar by using the Plaintiffs' "exemption accounts." Dkt. No. 1-1 at 8. After settlement of the Mortgage account, Plaintiffs seek to void the foreclosure of the Property and to enjoin Flagstar from foreclosing on the Property in the future. Dkt. No. 1-1 at 10.

### III.  LEGAL STANDARDS

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV.   ANALYSIS

### A. The federal claims under the Freedom of Information Act and the Privacy Act should be dismissed.

Both the Freedom of Information Act—5 U.S.C. § 552—and the Privacy Act—U.S.C. § 552a—give the federal district courts jurisdiction over certain actions against federal agencies. *See* 5 U.S.C. § 551(1) (FOIA defines "agency" as "each authority of the Government of the United States" and then lists the limited governmental agency exceptions); *See* 5 U.S.C. § 552(f)(1) (PA defers to the definition of agency in 551(1) and further states that the definition "includes any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government . . . or any independent regulatory agency[.]"); *See also* W*ells v. State Att'y Gens. of La.*, 469 Fed.Appx 308, 309 (5th Cir. 2012) (explaining that FOIA only applies "to documents under the control of federal agencies"). Flagstar is not a federal agency. Dkt. No. 5 at 2. Because Plaintiffs do not allege that the records they seek are in the control of a federal agency, they fail to state a claim upon which relief may be granted under FOIA or PA. These claims must be dismissed.

### B. The state claims challenging the foreclosure should be dismissed.

Plaintiffs seek to "settle" their Mortgage with Flagstar by using their "exemption accounts." Dkt. No. 1-1 at 10. After "settling" the Mortgage, Plaintiffs request the Court to void the foreclosure of the Property and enjoin Flagstar from foreclosing on the Property in the future. Dkt. Nos. 1 at 1; 1-1 at 10, 18. Because the referenced "exemption account" is a fictitious creation of proponents of the sovereign citizen movement, the remaining state

7

claims fall apart. Plaintiffs have failed to allege factual allegations in their pleading that demonstrate that they are even possibly entitled to relief, let alone a plausibly. Even accepting Plaintiffs' allegations as true, they are not sufficient to establish fraud or an irregularity in the foreclosure proceedings that would justify setting aside the foreclosure sale or plausibly entitle Plaintiffs to injunctive relief.

### C. Futility of Amendment

"Generally, . . . a pro se litigant should be offered an opportunity to amend his [or her] complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his [or her] 'best case.'" *Id.* An opportunity to replead is "unnecessary where the facts alleged are 'fantastic or delusional scenarios' or where the legal theory upon which a complaint relies is 'indisputably meritless.'" *Gregory v. McKennon*, 430 F. App'x 306, at *1 (5th Cir. 2011) (quoting *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994)).

"Sovereign citizen legal arguments and theories are not valid in the courts of the United States and have been overwhelmingly rejected for years as frivolous and indisputably meritless." (cleaned up)), rec. accepted, 2023 WL 5604130 (N.D. Tex. Aug. 29, 2023).[5] Even under the liberal construction due to pro se plaintiffs, Plaintiffs' Petition

---

[5] *See Gauthier v. Kirkpatrick*, 2013 WL 6407716, at *17 n.18 (D. Vt. Dec. 9, 2013) (noting courts have described sovereign citizen ideology as "completely without merit," "patently frivolous," and "having no conceivable validity in American law") (citations omitted)); *Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (rejecting sovereign citizen theories as "wholly unsubstantial and frivolous"); *Roach v. Arrisi*, No. 15-2547, 2016 WL 8943290 at *2 (M.D. Fla. 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars") (citation omitted).

fails to state a claim upon which relief can be granted. Accordingly, the District Judge should dismiss this action pursuant to Rule 12(b)(6).

## V.   CONCLUSION

For the reasons above, the undersigned RECOMMENDS that the Court DISMISS WITH PREJUDICE the case pursuant to Rule 12(b)(6). Plaintiffs' claims are based on outlandish legal theories for which recovery is not possible.

## VI.   RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 24th day of September 2025.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE